### HARRIMAN et al. v. BAIRD.

(Supreme Court, Appellate Division, First Department.   June 5, 1896.)

ATTORNEY AND CLIENT—DUTY OF ATTORNEY—UNSKILLFUL ADVICE.

    An attorney is not required to insure a client as to the result of proceedings which he had advised, and it is no defense to an action for attorney's fees that some other course than that advised by the attorney would have been more advantageous to the client, it appearing that the attorney acted in good faith.

Appeal from judgment on report of referee.

Action by George F. Harriman and James D. Fessenden against Matthew Baird to recover for legal services. There was judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Joseph Fettretch, for appellant.
James D. Fessenden, for respondents.

INGRAHAM, J. This action was brought by the plaintiffs for legal services rendered under retainer of the defendant. The items of the services and disbursements are contained in a bill of particulars annexed to the complaint. These services were rendered during a period extending from July, 1892, to the early part of 1894. The answer admits the employment, admits that services were rendered, and that the plaintiffs expended moneys in and about the matters in which they performed services, and then, as a defense, alleges unskillful advice and general incompetency on behalf of the defendant. The case was referred to a referee. A large amount of testimony was taken before him, and he has reported in favor of the plaintiffs, by which he finds the value of the services rendered by the plaintiffs to the defendants was $5,250, and that the plaintiffs had expended, at the request of the defendant, the sum of $9,792.32, of which the defendant had paid on account of such services and expenditures the sum of $10,700, leaving a balance due to the plaintiffs from defendant of $4,342.32, for which amount he awards judgment to the plaintiffs. The only testimony taken on the trial was the evidence of the two plaintiffs and the evidence of the defendant. Both of the plaintiffs swore to the value of the services which they had rendered, and there is no evidence on behalf of the defendant to contradict their testimony. Many of the services were rendered in relation to the affairs of the corporation known as the Sargent Granite Company, in which the defendant was largely interested; but they were rendered under a written contract by which the defendant states that all services rendered by the plaintiffs to such corporation were

rendered under the employment of the defendant, and that he will pay for the same. We have looked over this record, and think, upon the testimony, it was purely a question of fact for the referee, that his finding was amply sustained by the evidence, and that there is nothing in the case to justify a finding that the advice which was given to the defendant by the plaintiffs was improper or unskillful. An attorney is not required to insure a client as to the ultimate result of the proceedings which he had advised, nor is the client justified in refusing to compensate him because in the subsequent development of affairs it appears that a course other than that adopted would have turned out more advantageous for the client. If that were so in every litigated case, the professional adviser of one party or the other would not be entitled to compensation. No one can say, looking at the problem which was presented to the plaintiffs as to what advice they would give the defendant at the time, just what course it would ultimately appear would be most advantageous for him to adopt, and the record clearly shows that they acted for him in the utmost good faith, advising him as appeared to them at the time to be for his interest, and expended a large amount of money and a great deal of time in endeavoring to extricate him (the defendant) from the position in which he was placed. We think, upon the whole case, the question as to the value of the services rendered was fairly determined by the referee, and that his report should not be disturbed. We have examined the exceptions to the rulings upon the questions of evidence to which our attention has been called by the appellant, but none of them is material, nor could any of the evidence involved in the objections to the rulings on which exceptions were taken have had any influence upon the controversy. We think, upon the whole case, that substantial justice has been done, and that no reason exists why we should disturb this judgment.

The judgment appealed from is therefore affirmed with costs. All concur.